UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 23-cr-8-pp

v.

KEVIN MCCAA,

        Defendant.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S *EX PARTE* MOTION FOR SUBPOENA *DUCES TECUM* (DKT. NO. 105)

    The defendant—who is scheduled for a jury trial starting February 10, 2025—has filed an *ex parte* motion asking the court to issue subpoenas for information, citing Federal Rule of Criminal Procedure 17(c). Dkt. No. 105. He attached the proposed subpoenas, which require the recipients to provide the documentation by 10:00 a.m. on November 27, 2024 in Courtroom 222, or in the alternative, to provide them to defense counsel. Dkt. Nos. 105-1, 105-2. The court will deny the motion without prejudice.

    The Supreme Court has held that Rule 17 was not meant to provide additional means of discovery, but rather to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951); accord United States v. Tokash, 282 F.3d 962, 971 (7th Cir. 2002) ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through [a party's] records in a futile effort to find a defense to a criminal charge."). The

1

party seeking a Rule 17(c) subpoena must show that (1) the documents are "evidentiary and relevant," (2) he could not through the exercise of due diligence otherwise procure the documents reasonably in advance of trial, (3) the documents are "essential" to prepare for trial, and (4) the subpoena seeks documents in good faith and not as a general fishing expedition. United States v. Nixon, 418 U.S. 683, 699-700 (1974); see Fed. R. Crim. P. 17(c); Tokash, 282 F.3d at 971; United States v. Ashman, 979 F.2d 469, 495 (7th Cir. 1992). This test ensures relevance, admissibility and specificity. Nixon, 418 U.S. at 700. The subpoenas cannot be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The court's concern is not whether the defendant has met this standard. Its concern is that the defendant has filed an *ex parte* motion. The defendant—citing a district court case from the Eastern District of Virginia (United States v. Beckford, 964 F. Supp. 1010, 1027 (E.D. Va. 1997))—argues that he must seek, obtain and review the information *ex parte* because the information reveals part of the defendant's trial strategy. Dkt. No. 105 at 5-6. He asserts that prior to trial, he should not be forced to reveal "his specific reasons" for seeking the information. Id. at 5.

The Seventh Circuit has not addressed whether a party may request a Rule 17(c) request *ex parte*. In United States v. Bradley, a district court in the Southern District of Illinois held that Rule 17(c) does not authorize *ex parte* applications for four reasons. United States v. Bradley, Case No. 09-40068, 2011 WL 1102837, *2 (S.D. Ill. Mar. 23, 2011). First, Rule 17(b) (which governs

2

the issuance of subpoenas *ad testificandum* in cases where the defendant cannot pay the witness fee and the witness's presence is necessary for the defense) allows for an *ex parte* application, but Rule 17(c) (which governs subpoenas *duces tecum*—subpoenas for the production of books, documents, data, or other objects) is silent as to whether the party may make the request *ex parte*. Id. Second, Rule 17(c) states that, when the documents have been produced, the court may allow the **parties** (plural) and their attorneys to inspect all or part of them. Id. at *3 (citing Fed. R. Crim. P. 17(c)). Third, Rule 17(c)(2) provides a mechanism for quashing the subpoena, which presumably contemplates notice to the other side. Id. Finally, Rule 17(c)(3) requires that subpoenas requiring production of personal or confidential information about a victim may be served on third parties only by court order; noting that there is a procedure for notifying the victim but that there may be some "exceptional circumstances" in which that notice procedure "may not be appropriate," the Advisory Committee Notes relating to the 2008 Amendments state: "The Committee leaves to the judgment of the court a determination as to whether the judge will permit the question whether such exceptional circumstances exist to be decided *ex parte* and authorize service of the third-party subpoena without notice to anyone." Id. (citing Fed. R. Crim. P. 17, Advisory Committee Notes, 2008 Amendments).

At least one other district court in the Seventh Circuit has held that Rule 17 does not permit *ex parte* inspection. United States v. Litos, Case No. 12-cr-175, 2014 WL 806022 (N.D. Ind. Feb. 24. 2014). In Litos, the court reasoned

that the plain language of Rule 17(c) "negates any assumption that production should be on an ex parte basis." Id. (quoting United States v. Hart, 826 F. Supp. 380, 381 (D.Colo.1993)).

Recently, a district court in the Western District of Washington denied an *ex parte* request for the following reasons:

> . . . Some courts have construed Rule 17(c) as foreclosing the issuance of subpoena *duces tecum* upon an *ex parte* application. *See United States v. Peterson*, 196 F.R.D. 361, 361–62 (D. S.D. 2000) (Rule 17(c) motion may not be made ex parte if seeking production of documents prior to trial); *United States v. Finn*, 919 F. Supp. 1305, 1330 (D. Minn. 1995) (when Rule 17(c) is utilized for the disclosure of evidentiary materials in advance of trial, the application should be reviewable by the other parties to that proceeding.) Other courts have held that *ex parte* applications under Rule 17(c) may be appropriate in limited circumstances. *United States v. Daniels*, 95 F. Supp.2d 1160, 1162–63 (D. Kan. 2000) (court interprets Rule 17(c) as providing for an *ex parte* application for a subpoena *duces tecum* seeking pretrial production of documents to be issued to a third party; although *ex parte* proceedings are not favored, they may be necessary under certain circumstances, e.g., where the source or the integrity of the evidence otherwise might be imperiled, or where trial strategy might be disclosed; necessity of *ex parte* application must be evaluated on a case by case basis.)
>
> Since the Rule itself contemplates that the court "may" permit inspection by the parties of documents produced before trial, it follows from a plain reading of the Rule that this Court has discretion to grant or deny an adverse party the opportunity to inspect sealed documents. In other words, Rule 17(c), by its own terms, is permissive, providing that the court "may" order production of documents and "may" permit inspection by the adverse party. In *United States v. Urlacher*, 136 F.R.D. 550, 555–58 (W.D.N.Y. 1991), the Court addressed the impropriety of compelling an *ex parte* request, stating there "can be no "right" to *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial." *United States v. Urlacher*, 136 F.R.D. 550, 556 (W.D.N.Y. 1991). The Court's reasoning, adopted here, is consistent with leading treatises which have concluded that, "[i]f a

> [Rule 17(c)] Motion is made it cannot be *ex parte*." 2 Wright, Federal Practice and Procedure: Criminal § 274 at p. 46 of 1995 Pocket Part; see also, *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) (Rule 17(c) negates any assumption that production should be on an *ex parte* basis).
>
> While the Court understands Defendant's concern regarding his strategy, such a concern is misplaced. Rule 17(c) expressly contemplates the _shared_ review of documents subpoenaed by other parties to the dispute. Accordingly, Defendant's purported "right" to proceed *ex parte* is premised on a misunderstanding of the overarching purpose of Rule 17(c), which is to serve the ends of shared pre-trial discovery, not secrecy. Lastly, the Court notes that, in its view, the evidentiary documents do not, even inferentially, disclose Defendant's litigation strategy.

United States v. Garg, Case No. CR21-0045-JCC, 2024 WL 37047, *2 (W.D. Wash. Jan. 3, 2024) (footnote omitted).

On the other hand, a district court in the Western District of Virginia granted an *ex parte* application where the records could be of use to the defendant and providing notice to the government would improperly divulge the defendant's strategy regarding the alibi defense and his counsel's mental impressions. United States. v. Blecher, Case No. 23-cr-45, 2023 WL 8936756 (W.D. Va. Dec. 27, 2023).

A review of these cases gives the impression that *ex parte* application and review generally are disfavored but that there may be limited circumstances under which *ex parte* application for a Rule 17(c) subpoena *duces tecum* and *ex parte* review of the produced information may be permissible. See United States v. Kravetz, 706 F.3d 47, 53 n.4 (1st Cir. 2013) (acknowledging that "the text of Rule 17(c) does not expressly prohibit ex parte requests for subpoenas, and courts have found them to be permissible"); United States v. Sleugh, 896 F.3d

5

1007, 1010 (9th Cir. 2018) (noting that 17(c) applications "are often filed ex parte and under seal") 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 275 (4th ed. 2023) ("It has been held, however, that in limited circumstances, both the government and a defendant may make an ex parte application for a pre-trial subpoena duces tecum.")

The court understands that if the government were to view the defendant's application for the subpoenas, it would get a sense of some of the defendant's trial strategy. It is possible that any documents produced would reveal some of the defense strategy, as well. But the court is not comfortable issuing the subpoenas for return to defense counsel without allowing the government to review the subpoenaed information. The court would grant an *ex parte* motion on the condition that it provides for the documents to be returned to the court, and with the understanding that the court will allow the government (as well as the defense) to review all or part of the documents under the language of Rule 17(c) (authorizing the court to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties and their attorneys to inspect all or part of them.").

The court will deny the defendant's motion without prejudice. If the defendant still wants the information under the conditions the court has imposed, he may renew his *ex parte* motion. If that motion provides for the documents to be returned to the court (with the understanding that the court

will allow the government, as well as the defense, to review all or part of them), the court will grant the motion.

The court **DENIES WITHOUT PREJUDICE** the defendant's *ex parte* motion for subpoena *duces tecum*. Dkt. No. 105.

Dated in Milwaukee, Wisconsin this 25th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**