UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      23-CR-8 (PP)

KEVIN MCCAA,

    Defendant.

## GOVERNMENT'S RECIPROCAL DISCOVERY DEMAND AND POSITION ON NOTICE OF EXHIBITS

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Margaret B. Honrath and Abbey M. Marzick, Assistant United States Attorneys for said district, hereby submits the following reciprocal discovery demand.

Pursuant to Fed. R. Crim. P. 16(b)(1), the government requests copies of those items the defense intends to use in its case-in-chief. The government also requests disclosure of all expert reports of any physical or mental examination, as well as any scientific examination, experiment, or opinion regarding the government's evidence.

Pursuant to Fed. R. Crim. P. 26.2(a), the government requests disclosure of all witness statements for each witness the defendant intends to question at trial, by January 16, 2025.

The government also herein responds to the defendant's position regarding notice of impeachment exhibits, as stated in ¶ 5 of ECF 2 ("The defense also notes that it does not believe that the exhibit exchange applies to impeachment or strictly rebuttal exhibits."). While the government agrees that the defendant is not required to turn over exhibits used *solely* for impeachment (*See United States v. Moore*, 208 F.3d 577 (7th Cir. 2000)), the government notes that there are subtleties to this disclosure requirement that are worth noting.

The "key to understanding when something is being introduced in a case-in-chief versus for impeachment is not the timing of its introduction. Simply presenting evidence during cross-examination of a government witness does not automatically qualify it as impeachment evidence. It must be used, for example, 'as a prior inconsistent statement… that would undermine the witness' credibility.'" *United States v. Waddell*, No. CR415-095, 2016 WL 3031698, at *3 (S.D. Ga. May 25, 2016), citing *Moore*, 208 F.3d at 579.

For example, if the defendant attempts to introduce evidence through a government witness during cross-examination for purposes of proving his innocence, the government's position is that this is not impeachment evidence but rather part of the defendant's case-in-chief. *See Waddell*, at *3; *United States v. Young*, 248 F.3d 260 (4th Cir. 2001) (where trial court properly excluded audiotapes introduced during cross-examination of government witness, for purposes of proving that the witness, not the defendant, committed a murder, because the defendant's "true intent was to introduce the tape as 'evidence-in-chief'" of his innocence).

In *Waddell*, the defendant was accused of fraud. There, the court explained that if the defense used an audio recording on cross examination to show that the witness' testimony was inconsistent with what the witness said on the recording, then that is true impeachment evidence and not subject to Rule 16. However, if the defendant attempted to use that recording to show that he never defrauded the witness, "that use would not be used for impeachment – it would be evidence-in-chief of Waddell's innocence" and properly excludable if no notice was given to the government. *Waddell*, at *4. *See also United States v. Ellison*, 704 Fed.Appx 616, 625 (9th Cir. 2017) (where district court "properly refused to limit Appellants' production obligation to those exhibits they planned to introduce with their own witnesses by refusing to cabin their 'case-in-chief' to the period after which they called their first witness at trial, because a defendant may establish his defense by cross-examining the government's witness."); *United States v. Sineneng-Smith*, No. C-10-00414 RMW, 2013 U.S. Dist. LEXIS 89843 at *8 (N.D. Cal. June 24, 2013) ("[T]he defense should not be permitted to circumvent its disclosure obligation by presenting exhibits during the cross-examination of government witnesses or by characterizing an exhibit as being offered for impeachment when it addresses the substance of the charges.")

Therefore, the government hereby requests defense disclosure of any exhibits, reports, or other discovery materials that relate to the defendant's "evidence-in-chief" or theory of the case, regardless of the timing in which the defendant intends to introduce the exhibit at trial. The government's position is that these exhibits and other discovery materials should be disclosed to the government on or before January 16, 2025.

3

Dated at Milwaukee, Wisconsin, this 17th day of December, 2024.

        Respectfully submitted,

        GREGORY J. HAANSTAD
        United States Attorney

By:    *s/ Abbey M. Marzick*
        Abbey M. Marzick (WI Bar No. 1087215)
        Margaret B. Honrath (IL Bar No. 6296758)
        Assistant United States Attorneys
        Office of the United States Attorney
        Eastern District of Wisconsin
        517 East Wisconsin Avenue, Room 530
        Milwaukee, Wisconsin 53202
        414-297-1700
        Abbey.Marzick@usdoj.gov
        Margaret.Honrath@usdoj.gov