UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *vs.*                                             Case No. 23-CR-8

KEVIN McCAA,

    *Defendant.*
_____

## MOTION FOR DETERMINATION ON PRIVILEGE

Kevin McCaa, by counsel, moves this Court for the entry of an order granting McCaa access to jail calls between J.B. and his lawyers that were recorded by the Dodge County Jail and produced to the defense pursuant to a subpoena, on the grounds that J.B.: (1) waived any confidentiality or privilege in these collect calls to his lawyer because he knew they were being recorded; and (2) regardless of any privilege, the calls are likely to contain exculpatory information and McCaa's Fifth and Sixth Amendment rights to due process, present a defense, compulsory process, and confrontation require that he be allowed to use the calls at trial.

In support of this motion, McCaa invites the Court's attention to the following:

1.    The government has provided discovery to the defense indicating that J.B. is a likely witness in this case. J.B., who was a fellow inmate of McCaa, claims that McCaa made admissions to him regarding this case. Accordingly, it is essential to McCaa's defense that he impeach J.B. at trial, including by showing his motive to curry favor with

*Federal Defender Services*
*of Wisconsin, Inc.*

the government by testifying against McCaa for hope of a reduced sentence or other benefits, showing his bias against McCaa, and by presenting inconsistent accounts by J.B. concerning his version of events.

2. In an effort to obtain evidence to impeach J.B., McCaa subpoenaed the Dodge County Jail for all phone calls made by J.B. with authorization from the Court under Fed.R. Crim. P. 17(c). In granting McCaa's subpoena request, the Court ordered the defense to produce the calls to the government after they were received.

3. After receiving the subpoenaed jail calls from the Dodge County Jail, the defense realized that the jail had produced collect calls J.B. made to his lawyers.

4. McCaa's defense team made this realization while listening to the produced calls. Upon learning that a call was to a lawyer, McCaa's defense team immediately stopped listening to the call and didn't listen to other calls to the number associated with that lawyer. Accordingly, defense counsel has not listened to the attorney calls in its possession.

5. Defense counsel called the prosecutors to advise them about the attorney calls and advised that it would not produce those calls to the government for the time being. The government indicated it agreed with that course and that it did not believe the calls should be listened to. The defense produced the remainder of the calls to the government. The government has identified a few additional calls among the recorded calls it received from the defense that are attorney calls.

2

*Federal Defender Services*
*of Wisconsin, Inc.*

6. The recorded calls between J.B. and his lawyers are likely to be material and helpful to McCaa. Among the things the calls may reveal are his lawyer's advice concerning the benefits of cooperating against McCaa and J.B.'s expectation of benefits. The calls may also reveal bias against McCaa or in favor of a codefendant, inconsistent statements by J.B. concerning the events to which J.B. will testify, and other evidence of untruthfulness. Accordingly, these calls are likely to be helpful to McCaa's defense and his attorneys have a duty to use the calls in McCaa's defense.

7. Because the calls are arguably confidential, privileged, protected by the Sixth Amendment right to counsel, or attorney work product, McCaa's attorneys seek the guidance of this Court before listening to the calls and providing them to the government.

8. Several cases to consider the issue have determined that recorded calls from a defendant to his lawyer are not protected by the attorney-client privilege. For example, in *United States v. Hatcher*, 323 F.3d 666 (8th Cir.2003), a defendant complained on appeal that the district court had erred by refusing to order the government to disclose taped jail conversations between cooperating co-defendants and their attorneys. The Eighth Circuit concluded that the district court erred in finding that the calls were protected by the attorney-client privilege and refusing to order their disclosure:

> The presence of the prison recording device destroyed the attorney-client privilege. Because the inmates and their lawyers were aware that their conversations were being recorded, they could not reasonably expect that their conversations would remain private. The presence of the

> recording device was the functional equivalent of the presence of a third party. These conversations were not privileged.

*Id.* at 674. *See also United States v. Tiner*, 2022 WL 1289353 (S.D. Ill. May 2, 2022); *Simon v. Northwestern University*, 2017 WL 66818 (N.D. Ill. Jan. 6, 2017); *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998) (applying same reasoning to marital privilege); *but see United States v. Hohn*, -- F.4th --, 2024 WL 5116690, at *7 (10th Cir. Dec. 16, 2024) (en banc) (recognizing that Sixth Amendment attorney-client confidentiality "is distinct from and broader than the attorney-client privilege").

9. This case mirrors the situation presented in *Hatcher*, where the defendant is seeking access to a witness's recorded jail calls to his attorney where the inmate and lawyer were aware that the calls would be recorded. Given the absence of any privilege attaching to these calls, McCaa requests an order allowing him to listen to the calls for potential use at trial.

10. Defense counsel is serving this motion upon J.B.'s attorneys so that they have an opportunity to assert the privilege if they wish. Counsel understands that the government has already alerted them to the fact that their calls were recorded.

11. McCaa also asserts that he should be allowed to listen to the calls and use them at trial, or to have this Court listen to the calls and provide exculpatory information to the defense, based on his rights to due process, to present a defense, to confrontation, and to compulsory process under the Fifth and Sixth Amendments to the Constitution.

4

*Federal Defender Services*
*of Wisconsin, Inc.*

*E.g., Holmes v. South Carolina*, 547 U.S. 319 (2006) (constitutional right to present a defense may trump rule excluding evidence); *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) (providing for *in camera* review by trial court of confidential youth services child abuse file and for production to defense of any exculpatory information within); *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (trial court's refusal to allow cross-examination of juvenile based on state privilege making the identity of juvenile offenders confidential violated Confrontation Clause); *United States v. Rainone,* 32 F.3d 1203, 1206 (7th Cir. 1994) ("Even the attorney-client privilege, therefore, hallowed as it is, yet not found in the Constitution, might have to yield in a particular case if the right of confrontation whether in its aspect as the right of cross-examination or in some other aspect, would be violated by exercising the privilege"). The calls between J.B. and his attorneys are likely to contain information that is material and helpful to McCaa, such as showing bias, motive, and inconsistent statements. Accordingly, any exculpatory information within those calls should be available to the defense at trial.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2024.

>Respectfully submitted,
>
>/s/ *Craig W. Albee*
>Craig W. Albee, WI Bar #1015752
>Joshua D. Uller, WI Bar #1055173
>Federal Defender Services
>  of Wisconsin, Inc.
>411 E. Wisconsin Avenue, Suite 2310
>Milwaukee, WI 53202
>Tel. (414) 221-9900
>Email: craig_albee@fd.org
>
>*Counsel for Defendant*, Kevin McCaa